United States District Court
Southern District of Texas

**ENTERED**

February 23, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| YOLANDA PUNCH,<br>        *Plaintiff*, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Case No. 4:24-cv-4399 |
| 21ST MORTGAGE CORP.,<br>        *Defendant*. | §<br>§<br>§<br>§ | |

**JUDGE PALERMO'S REPORT AND RECOMMENDATION[1]**

This is a *pro se* matter alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA"). Before the Court is Defendant 21st Mortgage Corporation's Motion to Dismiss Plaintiff Yolanda Punch's First Amended Complaint, ECF No. 19. Also pending before the Court are Plaintiff's motions: (1) motion for leave to file second amended complaint, ECF No. 21; (2) "Motion for Equitable Relief, Lien Cancellation, and Reconveyance of Trust Property," ECF No. 27; and (3) motion for leave to file a third amended complaint, ECF No. 31. Having carefully reviewed the pleadings, motions, briefing,[2] and applicable law, the Court recommends granting Defendant's

---

[1] The district judge to whom this case is assigned referred the case to this Court pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 11. A motion to dismiss is appropriate for a report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

[2] Plaintiff did not file a response to Defendant's motion to dismiss but instead moved for leave to file a second amended complaint, ECF No. 21. Defendant filed a response to Plaintiff's motion for leave to file a second amended complaint, ECF No. 23, and Plaintiff filed a reply, ECF No. 26.

motion to dismiss, ECF No. 19, and denying Plaintiff's motions, ECF Nos. 21, 27, 31.

## I.    BACKGROUND

These facts are based on the allegations in the amended complaint.[3] Plaintiff alleges she is the owner of real property in San Jacinto County, Texas. ECF No. 18 ¶¶ 5–6. Defendant services a loan that secures a manufactured home and names Plaintiff as a borrower. *Id.* ¶ 6; ECF No. 20 at 10 (state court foreclosure order), 12 (loan documentation).[4] Plaintiff and co-borrower Jimmy Punch signed the loan in June 2020, and payments were to begin in August 2020. ECF No. 20 at 12, 20. At some point, Plaintiff defaulted on the loan and Defendant sought foreclosure in the 411th Judicial District Court in San Jacinto County, Texas. *See* ECF No. 18 ¶¶ 4, 9. On May 18, 2023, the state court granted Defendant summary judgment, finding Defendant was "entitled to possession of the Manufactured Home" secured by the

---

Defendant filed a supplement to ECF No. 23 in response to Plaintiff's Motion for Equitable Relief, ECF No. 29. Plaintiff filed a reply to Defendant's supplement, ECF No. 30. Defendant filed a response to Plaintiff's motion for leave to file a third amended complaint, ECF No. 32.

[3] All well pleaded facts are taken as true, and the complaint is construed in the light most favorable to the Plaintiff. *ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*, 667 F. Supp. 3d 411, 419 (S.D. Tex. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)).

[4] These documents were provided by Defendant as attachments to its motion to dismiss. ECF No. 20. The Court may properly consider the state court order in deciding the instant Rule 12(b)(6) motion to dismiss as "a matter subject to judicial notice under Federal Rule of Evidence 201." *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). The Court may similarly consider the loan documentation because it is referenced in Plaintiff's first amended complaint and is central to her claims, as discussed in greater detail in the analysis portion of this Report and Recommendation. *Id.*; ECF No. 18 ¶¶ 6, 14.

loan because the named borrowers—including Plaintiff—were indebted to Defendant in the sum of $112,870.94. ECF No. 20 at 9–11. It also found that Defendant, through local law enforcement, could "use all means necessary to seize" the property in question. *Id.* at 10.

Plaintiff filed suit in that same state court in September 2024. *Id.* at 3–8; *see also* ECF No. 1 ¶ 1. In it, she asserted the following claims: to quiet title, lis pendens, "tort of land/trespass," recission of signature due to misrepresentation, and presumption of accommodation party. ECF No. 20 at 5–6. She sought damages, declaratory relief in favor of Plaintiff, and injunctive relief to stop Defendant from enforcing the earlier summary judgment. *Id.* at 6. Defendant timely removed based on diversity jurisdiction. *See id.* at 1. It filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 5, then filed another motion to dismiss under only Rule 12(b)(6), ECF No. 7. Plaintiff filed a "Writ of Injunctive Relief" raising new factual assertions, ECF No. 9, which the Court construed as a potential supplemental complaint and permitted Plaintiff an opportunity to amend her complaint in response to the motions to dismiss, Order, ECF No. 17 at 1 n.1. The amendment mooted the pending motions to dismiss. Order, ECF No. 17. Plaintiff filed the operative complaint. ECF No. 18.

Plaintiff's amended complaint alleges: (1) a RESPA violation; (2) an FDCPA violation; and (3) unfair misrepresentation and lending practices. *Id.* ¶¶ 10–14.

3

Plaintiff seeks: (1) injunctive relief "halt[ing] foreclosure proceedings until this matter is adjudicated;" (2) a permanent injunction to "prevent[] Defendant from further deceptive servicing practices;" (3) declaratory relief that Defendant violated RESPA and the FDCPA, and "wrongfully applied payments and fees;" (4) compensatory damages; and (5) punitive damages. *Id.* at 3.

Defendant filed the instant motion to dismiss for failure to state a claim. ECF No. 19.

## II.   LEGAL STANDARD FOR RULE 12(b)(6) DISMISSAL

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and rarely granted." *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *ADR Int'l Ltd.*, 667 F. Supp. 3d at 419 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)).

"The complaint must include more than mere 'labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) "A complaint must 'contain sufficient factual matter . . . to "state a claim to relief that is plausible on its face."'" *Id.* (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)). A claim is

plausible "when the pleaded factual contents allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012)). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Id.* (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555))).

"The ultimate question 'is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff.'" *Id.* (quoting *Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 590 (S.D. Tex. 2012)). "[I]n considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true." *Id.* (internal citation omitted). "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." *Id.* (quoting *Farshchi v. Wells Fargo Bank, N.A.*, Civ. Action No. H-15-1692, 2016 WL 2858903, at *2 (S.D. Tex. May 13, 2016) (citing *Flynn v. State Farm Fire & Cas. Ins. Co. (Tex.)*, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009))).

In deciding a Rule 12(b)(6) motion, courts are limited to considering the complaint—or a state court petition in a removed case—and its attachments, as well

as documents attached to a Rule 12(b)(6) motion that are both referred to in the complaint and central to the plaintiff's claim. *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). Courts may also rely on evidence that is "subject to judicial notice under Federal Rule of Evidence 201." *Id.*

"It is well recognized that 'a *pro* se plaintiff's pleadings are liberally construed.'" *Harvey v. Sullivan*, No. 3:22-CV-337, 2022 WL 17405834, at *2 (S.D. Tex. Dec. 2, 2022) (quoting *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that courts must hold a *pro se* complaint's allegations "to less stringent standards than formal pleadings drafted by lawyers"); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the establish rules that courts construe *pro se* plaintiffs' "allegations and briefs more permissively").

## III.   DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED.

In support of its motion to dismiss, Defendant argues: (1) Plaintiff's requested declaratory relief as to her claim under RESPA must fail because RESPA applies to real property whereas the property underlying this case is personal property, ECF No. 19 ¶ 14; (2) Plaintiff's requested declaratory relief as to her FDCPA claim must fail because Defendant seeks to collect on its own debt, which is outside the scope of the FDCPA, *id.*; (3) her requested injunctive relief to "enjoin Defendant's alleged deceptive servicing practices should be dismissed" because Plaintiff's allegations

are insufficient, *id.* ¶ 13; (4) Plaintiff's requested injunctive relief against foreclosure is barred by the Anti Injunction Act, *id.* ¶ 12; (5) Plaintiff's allegations do not support compensatory damages, *id.* ¶ 15; and (6) without compensatory damages, Plaintiff is not entitled to punitive damages, *id.* ¶ 16. The Court addressed each argument in turn.

### A.   Plaintiff's RESPA Claim Fails As A Matter Of Law Because The Loan Secures Personal Property And RESPA Applies To Real Property Loans.

In her complaint, Plaintiff alleges Defendant violated RESPA when it "failed to provide a timely response to Plaintiff's [Qualified Written Request]" and did not "apply tender correctly and provide accurate information." ECF No. 18 at 2. Defendant's argues that RESPA only applies to real property, not personal property, and that the property securing the loan underlying this action—a manufactured home—is personal property, so RESPA is inapplicable. ECF No. 19 at 11. In her myriad subsequent filings to the motion to dismiss, Plaintiff makes clear that the property securing the loan is indeed a manufactured home, noting that it is "not yet legally reclassified as real property in the county records" and later stating that legal title had been transferred into a trust. ECF Nos. 21-1 at 2; 31-1 ¶ 5.

RESPA imposes various disclosure and notice requirements on those issuing a "federally related mortgage loan." *See* 12 U.S.C. §§ 2605(a)–(b). RESPA defines "federally related mortgage loan" to include any loan that "is secured by a first or

subordinate lien on residential real property." *Id.* § 2602(1)(A). Its implementing regulations refine "federally related mortgage loan" to "[a]ny loan (other than temporary financing, such as a construction loan) [t]hat is secured by a first or subordinate lien on residential real property . . . upon which there is [l]ocated or, following settlement, will be placed using proceeds of the loan, a manufactured home." 12 C.F.R § 1024.2(1)(i)(B).

The properly considered evidence establishes that the note in question secures only a manufactured home and not residential real property that a manufactured home will be placed upon. Exhs. Supporting MTD, ECF No. 20 at 9–20. The Note states that "[Plaintiff] finances with [Defendant] *the manufactured home* described below" and provides details such as manufacturer and serial number. *Id.* at 12. It refers repeatedly to "The Manufactured Home" throughout the terms and conditions. *Id.* at 13, 15–20. The state court order granting Defendant summary judgment also referred to a manufactured home as being the subject property. *Id.* at 10. The property is established as a manufactured home; the question now is whether it is considered personal property, as Defendant claims, or real property subject to RESPA, as Plaintiff asserts.

Because RESPA does not define "real property" in the statute or regulations, the question of whether property is considered real property and thus covered by RESPA is evaluated based on the law of the state where the property is located. *See*

*In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2024 WL 5113029, at *9 (Bankr. S.D.N.Y. Dec. 13, 2024) (applying state law in evaluating whether RESPA applied to a manufactured home); *see also Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 797–98 (5th Cir. 2021) (quoting 28 U.S.C. § 1652) (noting that state law will ordinarily provide the rules of decision unless "a valid federal rule or statute is directly controlling").

> In Texas, a manufactured home is considered real property when:
>
> (1)   the statement of ownership and location for the home issued under Section 1201.207, Occupations Code, reflects that the owner has elected to treat the home as real property; and
>
> (2)   a certified copy of the statement of ownership and location has been filed in the real property records in the county in which the home is located.

Tex. Prop. Code Ann. § 2.001(b).

Even liberally construed, nothing in Plaintiff's Complaint plausibly alleges facts to support either element. Because Plaintiff fails to allege facts showing that she treated her manufactured home as real property and that a certified copy of ownership and location has been filed in the country real property records, she has failed to allege that her manufactured home is real property under Texas law. Thus, RESPA is inapplicable to her claims. *Id.*; 12 U.S.C. §§ 2602(1)(A), 2605(a)–(b); 12 C.F.R § 1024.2(1)(i)(B). Further, amendment would be futile because Plaintiff admits in her subsequent motion for leave to file a second amended complaint that the necessary statement of ownership is not on file in the county records. ECF

9

No. 21-1 at 2. For this reason, Plaintiff's RESPA claim fails and should be dismissed.

     **B.**     **Plaintiff's FDCPA Claim Fails As A Matter Of Law Because Defendant Seeks To Collect On Its Own Debt Which Is Excluded From The FDCPA.**

Plaintiff alleges that Defendant: (1) "engaged in unfair and deceptive debt collection practices, including improper assessment of late fees and failure to credit tenders correctly"; and (2) "failed to validate the debt upon request, continuing to pursue foreclosure actions based on inaccurate loan records." ECF No. 18 ¶¶ 12–13. Defendant argues the FDCPA is inapplicable because Defendant is collecting a debt it originated—in other words, its own debt. ECF No. 19 at 11–12. Plaintiff response claims the FDCPA is applicable because Defendant acted in violation of the FDCPA "in its role as servicer" but provides no authority for that position. ECF No. 21-1 at 2.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Debt collectors may face civil liability for failing to comply with the FDCPA requirements in seeking to collect on debts. *Id.* § 1692k (permitting civil liability against "any debt collector who fails to comply with any provision of

10

this subchapter with respect to any person").

A "debt collector" under the FDCPA is anyone "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). "Debt collector" excludes those collecting on a debt owed to them directly. *Id.*; *see also Clark v. City of Pasadena*, No. 4:23-CV-04050, 2024 WL 4354819, at *6 (S.D. Tex. Sept. 30, 2024) (finding that "the entity to whom the debt is 'owed or due'" is "squarely outside" the FDCPA's definition of "debt collector"), *aff'd*, 158 F.4th 653 (5th Cir. 2025).

Here, Defendant is collecting on a debt it is due. ECF No. 20 at 9–12 (state court order granting Defendant summary judgment and finding that Plaintiff owed Defendant on the note that Defendant is the lender on). Accordingly, Plaintiff's FDCPA claim fails, and amendment cannot cure this defect. The claim must be dismissed.

### C.      Plaintiff's Misrepresentation Claim Fails Under Rule 9(b).

Plaintiff's allegation for "unfair misrepresentation and unfair lending practices," arises from Defendant having "knowingly misrepresented material facts regarding the terms of Plaintiff's mortgage, including payment obligations and modification eligibility. ECF No. 18 at 2–3. Defendant argues that Plaintiff's

complaint lacks a factual basis for this assertion. ECF No. 19 ¶ 1. Plaintiff does not address this argument in her various subsequent filings.[5] In broadly construing her limited allegations, it appears Plaintiff brings a cause of action under state law for common law fraud. Alternatively, Plaintiff's claim could be construed as a fraudulent inducement claim.

> In Texas, fraud requires showing:
>
> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Galentine v. U.S. Bank, Nat'l Ass'n as Tr. for Secured Asset Sec. Corp. Mortgage Loan Tr. 2007-RFI*, No. CV H-22-1781, 2023 WL 6930729, at *4 (S.D. Tex. Oct. 18, 2023) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)). A claim for fraudulent inducement requires showing the elements of common law fraud plus that the party raising the claim entered into a binding agreement due to an alleged misrepresentation. *GFP Enters., LLC v. Garner Env't Servs., Inc.*, No. 4:24-CV-04517, 2025 WL 2374846, at *3 (S.D. Tex. Aug. 15, 2025) (quoting *Murphree v. Godshall*, No. H-13-0453, 2014 WL 4782936, at *6 (S.D. Tex. Sep. 24, 2014).

---

[5] Failing to address an argument constitutes waiver. *Wiseman v. Schlumberger Tech. Corp.*, No. 4:23-CV-56, 2025 WL 2612733, at *6 n.18 (S.D. Tex. Mar. 20, 2025). For this reason alone, the Court may dismiss these claims. Even so, the Court addresses the merits.

Fraud claims in federal court are subject "to the heightened pleading requirements of Rule 9(b)." *Elson v. Black*, 56 F.4th 1002, 1009 (5th Cir. 2023). This generally requires a specifics of "the who, what, when, where, and how" of the fraudulent statements. *Id.* (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177–78 (5th Cir. 1997)).

Plaintiff fails to plead with any degree of specificity what the alleged misrepresentations or lending practices are. ECF No. 18 at 2–3. The entirety of her assertion is "Defendant knowingly misrepresented material facts regarding the terms of Plaintiff's mortgage, including payment obligations and modification eligibility." ECF No. 18 at 2–3. There is no description of who made what fraudulent statement when, where they made it, or how it was fraudulent. Plaintiff has failed to state a claim upon which relief can be granted, because Plaintiff has failed to plead *any* facts, certainly not enough facts that would allow the Court to draw any inference that Defendant is plausibly liable for an alleged misrepresentation. *Lucio v. Fern at Tenth LLC*, No. Civil Action No. 7:19-cv-189, at *4 (S.D. Tex. 2019) (plaintiff failed to allege that defendant knowingly made a false statement he knew was false when made, and provides no details when the promised statement was made or when it was to be performed, making it impossible for the court to find fraud).

Plaintiff's subsequent proposed amendment efforts fail to cure this defect, because she still fails to allege what the claimed misrepresentations were, who made

them, or any facts that—even given liberal construction—would allow the Court to infer Plaintiff has plausibly alleged a valid claim. *See generally* ECF Nos. 21-1, 27, 31-1. Therefore, amendment is futile as to this claim and it should be dismissed.

### D.    Plaintiff's Requested Relief Is Unavailable As A Matter Of Law.

In addition, Defendant argues that Plaintiff is not entitled to the remaining relief she requests. ECF No. 19 at 10–12. Plaintiff's subsequent filings generally do not address the issues either with new facts, case law, or argument.[6] Beyond her RESPA, FDCPA, and misrepresentation assertions, Plaintiff seeks a: (1) temporary restraining order ("TRO") enjoining foreclosure proceedings until this matter is resolved; (2) permanent injunction to stop "Defendant from further deceptive servicing practices"; (3) declaration that Defendant's conduct violates RESPA and the FDCPA; (4) declaration that Defendant incorrectly "applied payments and fees"; (5) statutory damages under RESPA and the FDCPA; (6) "[a]ctual damages for financial and emotional distress caused by Defendant's wrongful acts"; (7) punitive damages, which Plaintiff describes as "21st Mortgage Company to render the account to Plaintiff" and any other relief the Court deems just and equitable. ECF No. 18 at 3. Plaintiff is not entitled to her requested relief.

---

[6] Again, failing to address an argument constitutes waiver and for this reason alone the Court may dismiss the claim. *Wiseman*, 2025 WL 2612733, at *6 n.18.

14

1. *The Anti-Injunction Act bars Plaintiff from obtaining a TRO.*

Plaintiff's request for a TRO to stop foreclosure proceedings until this case is resolved falls afoul of the Anti-Injunction Act. ECF No. 18 at 3. The Act bars the Court from enjoining state court foreclosure proceedings already pending when the TRO would be entered. *Preston-Caver v. Prestige Default Servs., LLC*, No. 4:24-CV-04850, 2025 WL 492498, at *2–3 (S.D. Tex. Jan. 15, 2025) (explaining that the Anti-Injunction Act prohibited the court from issuing the requested temporary restraining order on on-going state court foreclosure proceedings) (citing *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990)), *adopted*, No. 4:24-CV-04850, 2025 WL 490487 (S.D. Tex. Feb. 13, 2025). Thus, Plaintiff cannot obtain a TRO.

2. *Plaintiff has not demonstrated she is entitled to permanent injunctive relief because she has not shown irreparable injury with inadequate remedies at law.*

Plaintiff seeks a permanent injunction barring "Defendant from further deceptive servicing practices." ECF No. 18 at 3. To be entitled to permanent injunctive relief, a plaintiff must show

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Trinseo Europe GmbH v. Kellogg Brown & Root, L.L.C.*, 165 F.4th 399, 423 (5th

Cir. 2026) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). An "irreparable injury" is one "for which there is no adequate remedy at law, such as monetary damages." *SO Apartments, L.L.C. v. City of San Antonio, Tex.*, 109 F.4th 343, 353 (5th Cir. 2024) (quoting *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011)). That monetary damages are available does not automatically mean there is an "adequate" remedy at law, however, such as when final relief may only otherwise "be secured through 'a multiplicity of actions'" or if there is a threat of "'loss of constitutional freedoms for even minimal periods of time.'" *Id.* (quoting *Janvey*, 647 F.3d at 600; *BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021)).

Plaintiff's alleged injuries are foreclosure of property, financial damages, and emotional distress. ECF No. 18 ¶ 9. Plaintiff has not alleged or shown that there is no adequate remedy available at law to compensate for her alleged injuries. In fact, these claimed injuries are typically compensated by money damages, which Plaintiff seeks in this suit. She does not plead that relief is only available through multiple lawsuits, nor the loss of constitutional freedoms. She therefore has not shown that she has suffered an irreparable injury for which the law provides no adequate remedy to demonstrate her entitlement to a permanent injunction. *Trinseo Europe GmbH.*, 165 F.4th at 423.

### 3. *Plaintiff is not entitled to declaratory relief.*

Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Because Plaintiff's RESPA and FDCPA claims fail as a matter of law, she is not entitled to a declaration that Defendant "violate[d] RESPA and [the] FDCPA." ECF No. 18 at 3. Because the FDCPA is inapplicable, she is not entitled to a declaration that Defendant "wrongfully applied payments and fees" under the FDCPA. *Id.* at ¶ 12 ("Defendant engaged in unfair and deceptive debt collection practices, *including improper assessment of late fees and failure to credit tenders correctly*.") (emphasis added). Thus, Plaintiff is not entitled to declaratory judgment.

### 4. *Plaintiff is not entitled to damages.*

Although damages are generally available under RESPA, the FDCPA, and common law fraud. 12 U.S.C. § 2605(f)(1) (permitting actual damages to a borrower under RESPA); 15 U.S.C. § 1692k(a) (same as to the FDCPA); *Whiteside v. Cimble Corp.*, No. 4:17-CV-404-KPJ, 2024 WL 3825237, at *2 (E.D. Tex. Aug. 14, 2024) (noting that a plaintiff's common law fraud theory gave them the greatest relief because it incorporated actual damages and exemplary damages), here, damages—compensatory or punitive—are unavailable because Plaintiff has failed to state a claim upon which relief can be granted. *Wireless All., LLC v. AT&T Mobility LLC*,

No. 2:23-CV-95-RWS-RSP, 2024 WL 4648154, at *2 (E.D. Tex. Nov. 1, 2024) (when there is no basis for recovery at all, there cannot be an award of damages).

In sum, the Court recommends granting Defendant's motion to dismiss. Because these defects cannot be cured with amendment, the Complaint should be dismissed with prejudice.

## IV.   PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND ARE DENIED.

After Defendant filed its motion to dismiss, Plaintiff filed three motions for leave to file an amended complaint. ECF Nos. 21, 27,[7] 31.[8]

Rules 15 and 16 of the Federal Rules of Civil Procedure govern amendment of pleadings. Timing dictates which Rule applies. Before a scheduling order's deadline to amend passes, Federal Rule of Civil Procedure 15(a) governs motions for leave to amend. *See Virgin v. Saia Motor Freight Line, LLC*, No. 4:24-CV-3238, 2025 WL 3503044, at *3 (S.D. Tex. Nov. 17, 2025) ("When a party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) provides that a district court 'should freely give leave [to amend] when justice so requires."), *adopted*, No. 4:24CV3238, 2025 WL 3502888 (S.D. Tex. Dec. 5, 2025). Rule 15(a) directs

---

[7] Plaintiff's Motion for Equitable Relief asks for leave to file an amended complaint seeking equitable remedies only and asks the Court to order remedies for injuries alleged in the motion itself. *See generally* ECF No. 27. The Court thus treats it as a motion seeking leave to file an amended complaint. *See* ECF No. 29 at ¶ 7 (Defendant asserts that this motion is tantamount to an amended complaint).

[8] Defendant responded and objected to each of Plaintiff's motions, ECF Nos. 23, 29, 32. It asserts that the proposed amendments add details that existed at the time of her filing the operative complaint, and permitting such amendment would prejudice Defendant. ECF Nos. 23 ¶ 4; 32 ¶ 6.

courts to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). But courts deny leave to amend for "undue delay, bad faith, dilatory motive, and whether the facts underlying the amended complaint were known to the party when the original complaint was filed," or other defects such as "a plaintiff's repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment." *Licona v. Prof'l Distribution Ctr., Inc.*, No. 4:24-CV-3044, 2025 WL 2723139, at *2 (S.D. Tex. Sept. 5, 2025) (citing *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)), *adopted*, No. 4:24-CV-03044, 2025 WL 2721824 (S.D. Tex. Sept. 24, 2025). An amendment would be futile "if 'the amended complaint would fail to state a claim upon which relief could be granted'" under the same standard as under Rule 12(b)(6). *Id.* (quoting *Striping v. Jordon Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

Once a scheduling order's deadline to amend a complaint has expired, Federal Rule of Civil Procedure 16(b) governs amending pleadings. *Id.* (quoting *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008)). Under that rule, scheduling orders may only be modified "for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Four factors govern the "good cause" analysis: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment;

and (4) the availability of a continuance to cure such prejudice." *Licona*, 2025 WL 2723139, at *2 (internal quotation omitted).

### A. Plaintiff's Timely Motion For Leave To File A Second Amended Complaint Fails Under Rule 15(a) Because All Proposed Amendments Are Incurably Futile.

Here, the deadline to move for leave to amend a pleading was April 2, 2025. ECF No. 16 at 1. Plaintiff's motion for leave to file a second amended complaint was filed on March 25, 2025, so it must be analyzed under Rule 15(a). ECF No. 21; *Licona*, 2025 WL 2723139, at *2.

Plaintiff's proposed amendment raises the same RESPA, FDCPA, and misrepresentation assertions. ECF No. 21-1 at 3. It also raises claims for "material misrepresentation to the court," a Lanham Act violation, and "equitable damages to trust beneficiaries." *Id.* at 4. The proposed amended complaint makes no changes to the RESPA, FDCPA, and misrepresentation assertions. *Id.* at 3. As discussed, Plaintiff is not entitled to relief under any of these causes of action and amendment of these claims is futile. Her new causes of action asserted are also futile.

> 1. *Plaintiff's "material misrepresentation" claim is futile under the Rooker-Feldman Doctrine bar on review of state court orders.*

First, Plaintiff wishes to bring a claim of "material misrepresentation to the court" based on alleged misrepresentations Defendant made "in a related state court case." *Id.* According to the proposed amendment, this misrepresentation "warrants federal review." Plaintiff asks the Court to review and revise a state court

20

proceeding. ECF No. 21-1 at 3–4.

However, the *Rooker-Feldman* doctrine bars federal district courts from conducting what would substantively be an appellate review for purposes of reviewing, modifying, or nullifying final state court orders. *Kemp v. Powers*, No. 25-30024, 2025 WL 1898365, at *3 (5th Cir. July 9, 2025) (quoting *Weaver v. Texas Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011)); *see also Carley v. Saalwaechter Inc.*, No. 4:24-CV-03396, 2025 WL 2881460, at *4 (S.D. Tex. Aug. 25, 2025) (quoting *Pinto v. Chin Sun Pinto*, No. CIV.A. 6-12-21, 2012 WL 5386950, at *2 (S.D. Tex. Oct. 31, 2012)), *appeal transferred*, No. 2026-1001, 2025 WL 3627192 (Fed. Cir. Dec. 15, 2025).  Because the Court cannot review orders a state court entered against Plaintiff, amendment to add this claim is futile.

### 2. Plaintiff's Lanham Act claim is futile because trademark protections do not extend to legal proceedings.

Plaintiff next seeks to enjoin Defendant from use of her name "in commercial debt collection, legal filings, and foreclosure proceedings" because she filed a trademark registration of her name with the United States Patent and Trademark Office. ECF No. 21-1 at 4. Trademark protections apply to trademarks used in commerce; legal proceedings are not commercial use, so courts and litigants may freely use trademarked names in such proceedings. 15 U.S.C. § 1051(a)(1); *see, e.g.*, *Tex. v. Google LLC*, 787 F. Supp. 3d 357, 379 (E.D. Tex. 2025) (lawsuit brought against Google and using its name throughout the opinion); *Facebook, Inc. v.*

*Duguid*, 141 S. Ct. 1163, 1167 (2021) (same as to Facebook). Amendment to add this claim is futile.

### 3. *Plaintiff cannot bring claims on behalf of the trust beneficiaries.*

Finally, Plaintiff seeks to add claims for compensatory damages for equitable injuries "suffered by named trust beneficiaries" of a "private trust holding equitable and legal interest in the subject property." ECF No. 21-1 at 4. Plaintiff cannot bring a claim in federal court for injuries suffered by another. *Rangel v. United States*, No. 4:22-CV-00553, 2023 WL 2170800, at \*11 (S.D. Tex. Feb. 21, 2023) ("Another bedrock principle forbids a plaintiff from seeking redress for harms to third parties who are not before the Court.") (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)), *adopted*, No. 4:22-CV-00553, 2023 WL 4878877 (S.D. Tex. Mar. 14, 2023). Plaintiff claims to be the authorized agent of a private trust that apparently holds an interest in the subject property. ECF No. 21-1 at 4. Narrow exceptions to the rule that claims "must be prosecuted in the name of the real party in interest" are found in Federal Rule of Civil Procedure 17: the executor or administrator of an estate, a guardian, a bailee, a trustee of an express trust, a party with whom or in whose name a contract was made for another's benefit, and a party statutorily authorized. FED. R. CIV. P. 17(a)(1). "Authorized agent" is not among those exceptions. *Id.* A real party in interest under Rule 17 "is the party 'entitled under the substantive law to enforce the right sued upon and . . . generally . . . benefits from the action's final outcome.'"

22

*New Orleans City v. Aspect Energy, L.L.C.*, 126 F.4th 1047, 1055 (5th Cir. 2025) (quoting *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 935 (2009)); *see also In re Davis*, 194 F.3d 570, 478 (5th Cir. 1999) ("an entity is the real party in interest when it is statutorily authorized to bring suit to enforce a claim").

The alleged injuries to the trust beneficiaries are "loss of peaceful enjoyment, reputational damage, emotional distress, and exposure to unlawful enforcement actions." ECF No. 21-1 at 4. "The right to own, use, and enjoy one's private property is a fundamental right" in Texas. *City of Baytown v. Schrock*, 645 S.W.3d 174, 179 (Tex. 2022). Under Texas law, that right belongs to the property owner, not someone else. *Id.* at 176, 179 (noting that Texas law under the United States and Texas Constitutions recognizes property rights as belonging to the owner). Therefore, an action enforcing that right must, under Rule 17, "be prosecuted in the name of the real party in interest," which in this case is the property owner. Plaintiff's attempt to enforce the right of "peaceful enjoyment" as an authorized agent on behalf of the owner, without prosecuting the action in the owner's name, fails.

Plaintiff's assertion of a "reputational damage" claim for trust beneficiaries—which the Court construes as a defamation claim—meets a similar fate because Texas defines defamation as an "invasion of a *person's* interest in *her* reputation and good name." *Paul v. Findeisen*, No. SA-24-CV-717-OLG (HJB), 2025 WL

1490768, at *4 (W.D. Tex. Mar. 26, 2025) (quoting *Hancock v. Variyam*, 400 S.W.3d 59, 63 (Tex. 2013)) (emphases added), *adopted*, No. SA-24-CV-00717-OLG, 2025 WL 1490499 (W.D. Tex. May 22, 2025). In other words, the real party in interest for a defamation claim is the person suffering the reputational harm themselves, so they must be the one to prosecute the action in federal court, not someone on their behalf.

Emotional distress, standing alone, is not a cause of action in Texas, but rather a measure of damages resulting from some other injury. *See, e.g.*, *Poon v. Visa U.S.A. Inc.*, No. A-21-CV-569-RP, 2022 WL 20508219, at *2 (W.D. Tex. Jan. 13, 2022) (noting that there cannot be a cognizable intentional infliction of emotional distress claim under Texas law "[w]here other causes of action provide a remedy for the same emotional damages") (citing *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 450 (Tex. 2004)), *adopted*, No. 1:21-CV-569-RP, 2022 WL 20508218 (W.D. Tex. Feb. 16, 2022); *Hill v. Unifi Aviation, LLC*, No. SA-23-CV-00970-JKP, 2024 WL 4823242, at *6 (W.D. Tex. Nov. 14, 2024) (discussing a plaintiff's admission that her emotional damages were the result of the alleged negligence she claimed defendant engaged in). Since it is not a cause of action, Plaintiff cannot assert it as an independent claim, either on her own behalf or on behalf of another.

Finally, with respect to her claim for "exposure to unlawful enforcement actions," giving liberal construction, this appears to be a claim arising under a

24

property owner's right to own, use, and enjoy their property. Under Rule 17, it must be asserted by the property owner, as detailed above. *City of Baytown*, 645 S.W.3d at 179.

As all changes proposed in the second amended complaint are futile and no remedy can cure their deficiencies, the Court the motion to amend, ECF No. 21, is **DENIED**.

**B. Plaintiff's Untimely Motion For Equitable Relief And Motion For Leave To File A Third Amended Complaint Fail Because They Would Prejudice Defendant So Good Cause Is Not Shown Under Rule 16(b).**

Plaintiff's remaining motions for leave were filed on April 24, 2025, and May 14, 2025, respectively. ECF Nos. 27, 31. Because both were filed after the scheduling order's April 2, 2025, deadline to file motions for leave to amend pleadings, the Court analyzes them under Rule 16(b). ECF No. 16 at 1. Good cause is not shown in either motion for leave because Defendant would be significantly prejudiced.

*1. Plaintiff's motion does not demonstrate good cause because it does not discuss it.*

The Motion for Equitable Relief offers no explanation for the failure to timely move for leave to amend, does not describe the importance of the amendment, nor does it discuss prejudice to Defendant in any capacity. *See generally* ECF No. 27. Granting the motion, however, would inherently prejudice Defendant by forcing it to prepare to litigate entirely new claims. *See DW Volbleu, LLC v. Honda Aircraft*

25

*Co., LLC*, No. 4:21-CV-637-SDJ, 2024 WL 169569, at \*5 (E.D. Tex. Jan. 16, 2024) (denying leave to amend a complaint pursuing newly raised claims "that could have easily been asserted at the beginning of the case" because of the prejudice that would arise related to discovery and "the Court's efforts to efficiently adjudicate the case") (citing *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012)). Therefore, Plaintiff's motion, ECF No. 27, is **DENIED**.

      2. *Plaintiff's motion for leave to file a third amended complaint does not establish good cause.*

The motion for leave to file a third amended complaint mentions good cause, ECF No. 31 at 3, but does not establish that good cause exists. The only explanation for failing to timely move for leave to amend is Plaintiff's "*pro se* status and lack of legal clarity" when moving for leave to file the third amended complaint. Proceeding *pro se* and general legal confusion do not excuse tardy filings. *See Parks v. Thrive Prop. Mgmt. Group, Inc.*, No. 4:24-CV-04554, 2025 WL 2147372, at \*1 (S.D. Tex. July 29, 2025) ("*pro se* parties must know their legal rights and follow basic procedural rules") (citing *Brackens v. Stericycle Inc.*, 829 F. App'x 17, 20 (5th Cir. 2020); *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 786 (N.D. Tex. 2000); *Washington v. Jackson State University*, 532 F. Supp. 2d 804, 809 (S.D. Miss. 2006)).

Plaintiff offers four reasons why the amendment is important; none are availing. ECF No. 31 at 3. The first reason is to restore claims from Plaintiff's

original state court petition. *Id.* This fails because Plaintiff chose to discard the claims when filing the first amended complaint. That she has decided she now wants to pursue those claims after all does not justify allowing such tardy amendment, particularly as it would seriously prejudice Defendant. *DW Volbleu, LLC*, 2024 WL 169569, at *5 ("An amendment can cause undue prejudice when it asserts new causes of action after the parties have invested time and resources in completing discovery and drafting dispositive motions on the existing claims.") (citing *Strong v. Green Tree Servicing, L.L.C.*, 716 F. App'x 259, 264 (5th Cir. 2017).

Offering clarifying details required to establish a right to relief is plausibly important, but because the other factors weigh against granting leave to amend, it does not carry the day. Nevertheless, the Court evaluates this factor. The newly added facts appear to clarify that it is a trust that holds title to the property because it has had legal title in the subject property since October 2022, almost two years before Plaintiff began this action in state court. ECF No. 31-1 ¶ 5. In her original state court petition, Plaintiff made the same showing. ECF No. 20 at 3. But in the operative complaint—her first amended complaint—and again in her proposed second amended complaint, she unequivocally states that she is the owner of the property in question. ECF Nos. 18 ¶ 6 ("Plaintiff Yolanda Aqunette Punch *is the lawful owner*"); 21 at 2 ("Plaintiff Yolanda Aqunette Punch and her biological father Jimmie Earl Punch *are the registered owners*"). Ensuring that the correct party is

27

identified is important and favors finding good cause. *Ozark Interests, Inc. v. Arch Ins. Co.*, No. CV H-21-3778, 2023 WL 11998742, at *2 (S.D. Tex. Feb. 21, 2023) (noting that ensuring details to distinguish between parties named in a case were included in a complaint was important and favored finding good cause under Rule 16). Nevertheless, because she fails to make a showing in favor of finding good cause with respect to the other factors, the Court cannot find good cause on this basis alone. *Contra id.* at *3 (noting that there was good cause where all four factors were in favor of it).

That the amended complaint responds to Defendant's motion to dismiss is not persuasive because Plaintiff filed this motion over a month late to be responsive to the motion to dismiss. *See* S.D. Tex. Local Rules 7.3, 7.4; ECF No. 31. The motion to dismiss was filed on March 17, 2025. ECF No. 19. Under the local rules, "[r]esponses to motions [m]ust be filed by the submission day" which is "21 days from filing." S.D. Tex. Local Rules 7.3, 7.4. So any response to the motion to dismiss had to be filed on or before April 7, 2025, in order to be timely. But this motion was filed May 14, 2025. It is therefore untimely to be responsive to the motion to dismiss.

Finally, the argument that the amendment purportedly consolidates all pending issues for judicial economy falls short. ECF No. 31 at 3. While the Court appreciates Plaintiff's concerns for the federal judiciary's limited resources, allowing this amendment would not conserve judicial economy because, as

28

Defendant points out, all it would result in is Defendant filing yet another motion to dismiss. ECF No. 32 at 2. Good cause is not shown.

Moreover, Defendant would be severely prejudiced by being forced to respond to a number of newly raised causes of action—and a changed plaintiff—with only six months before trial.[9] While Plaintiff avers that Defendant is not prejudiced by this amendment because "[t]he removed action gave full notice of these claims," Plaintiff's decision to file an amended complaint that dropped those claims necessarily meant Defendant no longer prepared to address them. To allow amendment restoring those claims would prejudice Defendant, to say nothing of the entirely new causes of action. *DW Volbleu, LLC*, 2024 WL 169569, at *5. The motion for leave to file a third amended complaint is **DENIED**.

## V.    CONCLUSION

The Court **RECOMMENDS** that the motion to dismiss, ECF No. 19, be **GRANTED** and Plaintiff's complaint be **DISMISSED WITH PREJUDICE.**

---

[9] In addition to restoring some of the original causes of action in Plaintiff's state court petition, the proposed amendment adds completely new causes of action. *Compare* ECF Nos. 18 at 2–3 (first amended complaint bringing claims for RESPA and FDCPA violations and "unfair misrepresentation & unfair lending practices") *and* 20 at 5–6 (original state court petition bringing claims for quiet title, lis pendens, trespass to land, recission of signature due to misrepresentation, and presumption of accommodation party) *with* ECF No. 31-1 at 3–5 (retaining claims for RESPA and FDCPA violation from first amended complaint; restoring claims for quiet title, trespass to land, and recission of signature from state court petition; and adding new claims for equitable damages to trust beneficiaries, unlawful credit reporting and derogatory marks in violation of the Fair Credit Reporting Act, "pattern of abusive conduct and public harm," and violation of the Americans with Disabilities Act and "equitable participation").

29

Plaintiff's motion for leave to file a second amended complaint, ECF No. 21, motion for "equitable relief, lien cancellation, and reconveyance of trust property," ECF No. 27, and motion for leave to file a third amended complaint, ECF No. 31, are **DENIED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on February 20, 2026.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**