United States District Court
Southern District of Texas

**ENTERED**

March 12, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA AQUNETTE PUNCH, | § § § | CIVIL ACTION NUMBER 4:24-cv-04399 |
| Plaintiff, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| 21ST MORTGAGE | § | |
| CORPORATION, *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
REPORTS AND RECOMMENDATIONS

Plaintiff Yolanda Punch proceeds here *pro se*. She sues Defendant 21st Mortgage Corporation for violations of the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act. Dkt 18 at ¶¶10–13 (amended complaint). She also brings claims for misrepresentation and unfair lending practices. Id at ¶14.

Defendant filed a motion to dismiss for failure to state a claim. Dkt 19. Plaintiff then filed motions to set aside final judgment, for equitable relief, for leave to file third amended complaint, to compel accounting, for judicial stay, and for emergency interlocutory appeal. See Dkts 21, 27, 30, 31, 33, 34 & 39.

The matter was referred for disposition to Magistrate Judge Dena Hanovice Palermo. Dkt 11. She entered an order staying all filings pending ruling on the motion to dismiss and denying Plaintiff's motions to compel and to stay as moot. See Dkt 37 (denying Dkts 33 & 34). She then entered a Report and Recommendation in which she construed the motion for interlocutory appeal as a motion

for certification of appeal under 28 USC §1292(b) and recommended that the motion be denied. Dkt 43. She later entered a second Report and Recommendation denying Plaintiff's remaining motions. See Dkt 52 at 18–29 (denying Dkts 21, 27, & 31). She also recommended granting the motion to dismiss and dismissing this action with prejudice. Id at 6–18.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections to the Reports and Recommendations. See Dkts 44 & 53. They are scattershot in the extreme, hard to understand, and in many respects not responsive to the merits of the rulings by the Magistrate Judge. Given that Plaintiff proceeds *pro se*, they have been construed leniently in favor of discerning potential legal arguments. But on *de novo* review and determination, such objections lack merit, as detailed below.

*As to the first Report and Recommendation,* Judge Palermo recommended denying Plaintiff's motion for certification of an interlocutory appeal because Plaintiff failed to appeal from a final order. See Dkt 43 at 3. Plaintiff also failed to identify a substantial difference of opinion about a controlling question of law. Ibid; see also Dkt 39. Plaintiff's only response to these flaws in her objections is to dismiss them as "procedural technicalities." See Dkt 44 at 3. She nowhere argues that she either seeks to appeal from a final order or satisfies the requirements of 28 USC §1292(b). These objections and others stated by Plaintiff lack merit and will be overruled.

*As to the second Report and Recommendation,* Plaintiff objects on the grounds that "the Court should first confirm that it possesses subject-matter jurisdiction" before ruling on the motion to dismiss. Dkt 53 at 4. She contends that jurisdiction is lacking because the "true Plaintiff is YAPLT, by and through its Trustee, not an individual in an individual capacity." Id at 3. She embeds a motion to remand on these grounds within her objections. See id at 5–6. Such motion is likely precluded by prior order. See Dkt 37. But arguments as to jurisdiction pertain to Plaintiff's objections to the R&R and will thus be considered. Plaintiff identified herself as the correct plaintiff in the live complaint, with no mention of her proceeding in capacity as trustee. See Dkt 18 at ¶6 (identifying "Plaintiff Yolanda Aqunette Punch" as "lawful owner of real property" secured by relevant mortgage). And even if she were proceeding in such capacity, she hasn't indicated how this would destroy complete diversity. Further, Plaintiff correctly stated in her own complaint that federal question jurisdiction exists based on her claims under the RESPA and FDCPA. Id at ¶3b. Jurisdiction thus exists in federal court. These objections and others stated by Plaintiff lack merit and will be overruled.

The objections by Plaintiff Yolanda Punch to the Reports and Recommendations of the Magistrate Judge are OVERRULED. Dkts 44 & 53.

No clear error otherwise appears upon review and consideration of the Reports and Recommendations, the record, and the applicable law.

The Reports and Recommendations of the Magistrate Judge are ADOPTED as the Memorandum and Order of this Court. Dkts 43 & 52.

The motion by Plaintiff Yolanda Punch for certification of interlocutory appeal is DENIED. Dkt 39.

To the extent not precluded by prior order, the motion by Plaintiff Yolanda Punch to remand is DENIED. Dkt 53.

The motion by Defendant 21st Mortgage Corporation to dismiss is GRANTED. Dkt 19.

Any other pending motions or requests for relief are DENIED AS MOOT.

A final judgment dismissing this action with prejudice will enter separately.

SO ORDERED.

Signed on March 11, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge